# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FILED
MAY 27 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MALIKA NENEH KAMARA,        )
                            )
         Petitioner,        )
                            )
    v.                      )   Civil Action No. 11-0988
                            )
JOE KEFFER,                 )
                            )
         Respondent.        )

## MEMORANDUM OPINION

Petitioner states that she was sentenced on November 19, 2009, in the Superior Court of the District of Columbia to an aggregate sentence of 96 months' incarceration followed by a term of supervised release. Pet. at 2. She challenges her conviction on the ground that her defense counsel "was not only ineffective, but unethical and potentially illegal, as well," resulting in the imposition of "a sentence that is unreasonable and greater than necessary." Id., Attach. at 9.[1] She asks this Court to vacate her sentence. Id.

Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is

---

[1] The petitioner prepared her petition on a seven-page preprinted form, and attached to it is a nine-page typewritten statement. Although the petitioner styles her pleading as a Complaint Pursuant to 28 U.S.C. § 2255, she is a District of Columbia Code offender who must seek post-conviction relief under D.C. Code § 23-110. Her Motion to File 28 USC § 2255 Out of Time will be denied.

inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention"). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992).

The petitioner has not filed a prior petition or motion with respect to her sentence. *See* Pet. at 3. She cannot avail herself of this federal forum absent a showing that the local remedy is "inadequate or ineffective to test the legality of [her] detention." *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (quoting D.C. Code § 23-110(g)) (internal quotation marks omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). Accordingly, the Court will deny the petition and dismiss this action. An Order is issued separately.

/s/ Ellen S Huck
United States District Judge

DATE: 5/25/11